LEMUEL CAPEN *vs.* WILLIAM RICHARDSON & another.

One who, at the request of the mortgagor, obtains an absolute assignment of a mortgage, after the mortgagee has been in possession for the purpose of foreclosure more than two years, and pays the mortgagee the amount due on the mortgage, does not, by orally agreeing with the mortgagor to hold the mortgage as security only for such advance, and, subject to that, to hold the estate for the use and benefit of the mortgagor, and to permit the mortgagor to sell the land in lots, paying the proceeds to him, until he is reimbursed, and to permit the mortgagor to redeem the land at any time by paying the amount so advanced with interest, postpone the foreclosure, or hold the estate in trust for the mortgagor.

BILL IN EQUITY by Lemuel Capen against William Richardson and Joel Capen. The bill alleged that Aaron Capen and Joel Capen on the 5th of August 1830 mortgaged land in Dorchester, owned by them as tenants in common, to John D. Williams and Moses Williams, to secure the sum of $7500, payable in eight years, with interest semiannually; that Aaron Capen on the 22d of February 1834 assigned all his property, including his equity of redemption in this land, in trust for the benefit of his creditors, to the plaintiff and said Joel, who accepted the trust; that on the 21st of May 1842 John D. Williams assigned his interest in the mortgage to Moses Williams and David W. Williams; that on the 26th of May 1842 said Moses and David made peaceable entry upon the land, for breach of condition of the mortgage, and for the purpose of foreclosure, and, after such entry, permitted said Joel to occupy and improve the estate, at a nominal rent, under such entry.

The plaintiff then alleged that in December 1844 " he, the said Lemuel, and said Joel, as assignees as aforesaid, and in the discharge of their duties as trustees, applied to William Richardson, a friend of the said parties, and by marriage a relative of the said Joel, to pay and advance to the said Moses and David W. Williams the amount due upon the said mortgage, for the benefit of the said Lemuel and Joel as assignees, and to prevent a foreclosure of the said estates, and requested the said Richardson that he would take an assignment of the said mort-

gage to himself, as security for the sum to be advanced by him, but nevertheless in trust, and upon a confidence that he, the said William Richardson, would hold the same for the benefit of the said Lemuel and Joel, and would reconvey the same to the said Lemuel and Joel, upon payment of the sum which the said Richardson might pay for the said assignment, with interest thereon ; " " that the said Richardson, at the time of the said application, knew that the said Lemuel and Joel were assignees, in trust for creditors, of the property of the said Aaron Capen ; " that after said request the plaintiff left the Commonwealth, " and the said Joel undertook to make an arrangement with the said Richardson, to aid in the accomplishment of the proposition so as aforesaid made to the said William Richardson ; " " that the said William Richardson undertook and agreed with the said Joel Capen, (the said Capen acting for and in behalf of the above named assignees of Aaron Capen,) that he, the said William Richardson, would pay to the aforesaid Moses and David W Williams the amount due them upon the said mortgage, take an assignment thereof to himself, but as security for his advance, and subject thereto would hold the estate, notwithstanding the said entry to foreclose, for the use and benefit of the said as-signees of Aaron Capen ; that the said assignees should be permitted to sell the said parcels of land for house lots or other-wise, paying the proceeds thereof to the said Richardson, until he should be reimbursed and repaid the money so to be advanced by him to the said mortgagees ; and that he, the said William Richardson, would at any time permit the said Lemuel and Joel to redeem the said parcels, by paying the amount so to be advanced by the said William Richardson, and interest there-on ; " that the said Richardson, in pursuance of the said agree-ment, paid and advanced to the said Moses and David W. Williams on the 22d of February 1845 the sum of $5280, the balance then due upon the mortgage, " and on the same day took an assignment thereof to himself by an instrument abso-lute in form, but, in fact, in trust for the assignees of the said Aaron Capen, upon repayment of the said sum and interest thereon ; " and had since " been in possession of the estates in

31 *

said mortgage described, in trust for the above named assignees of Aaron Capen, and had been in receipt of the rents and income thereof, amounting to a large sum."

The bill then averred a demand upon Richardson for an account of said rents, an offer to pay the balance due him, and a request of a conveyance of the land to the plaintiff and said Joel; Richardson's refusal to comply, and denial of their right to redeem; and a request to said Joel to join in this bill as a plaintiff, and his refusal.

The bill prayed for a discovery; for an account of the amount due Richardson on the mortgage by reason of his payment to the prior mortgagees, and an account of the rents and profits of the land; for permission to redeem upon payment of any balance due; (which the plaintiff averred his readiness and offered to pay;) for a contribution to the redemption by said Joel, as original owner of one half of the land, and for further relief.

Joel Capen answered upon oath, denying the matters alleged in the bill, and especially the alleged trust, and any right of redemption; averring a foreclosure of the mortgage by Richardson in May 1845 to his own exclusive use; and disclaiming all right in the estate.

William Richardson having died immediately after being served with process, his executor took upon himself the defence of this suit, and his devisee of the land in controversy also obtained permission to appear and defend, pursuant to the Rev. Sts. *c.* 107, § 28, and they jointly demurred generally to the bill. Upon this demurrer the cause was set down for hearing.

*C. B. Goodrich*, for the plaintiff. At the time of the assignment of the mortgage to Richardson, three years not having elapsed since the entry for foreclosure, the plaintiff and Joel Capen, as assignees, had a right to redeem, and they still have that right, unless the bill shows that Richardson entered into possession for the purpose of an immediate foreclosure, and continued such possession under that purpose until the expiration of the three years. Rev. Sts. *c.* 107, § 1. Mere possession by the mortgagee is not sufficient; it must be adverse to the owner of the equity. Possession by a mortgagee, under an agreement

that it shall not operate as a foreclosure, cannot be set up as a statute foreclosure.

Richardson became the assignee and holder of the mortgage under an agreement that the holders of the equity might sell the land in lots, and apply the proceeds to discharge the debt; and that he, notwithstanding the entry by his assignor for the purpose of foreclosure, would permit the owners of the equity to redeem at any time by paying the amount advanced by him and interest thereon. This agreement opens the foreclosure, and extends the time for redemption. It is an admission that his entry and possession were not adverse, or with intent that they should work a foreclosure. *Cutler* v. *Cremer*, 1 L. J., Ch. 108. *Hansard* v. *Hardy*, 18 Ves. 455. *Orde* v. *Heming*, 1 Vern. 418. *Exton* v. *Greaves*, 1 Vern. 138. *Fulthrope* v. *Foster*, 1 Vern. 476. *Raffety* v. *King*, 1 Keen, 601. *Dexter* v. *Arnold*, 1 Sumner, 116–119. *Gordon* v. *Hobart*, 2 Sumner, 407. *Ross* v. *Norvell*, 1 Wash. (Va.) 18, 19. *Marks* v. *Pell*, 1 Johns. Ch. 598.

This is not to be deemed, in equity, an agreement concerning an interest in lands, but concerning a security for a debt. And the declaration of a mortgagee in possession, that he does not hold with intent to foreclose, or that he will extend the time of payment, need not be in writing. *Perry* v. *Marston*, 2 Bro. C. C. 397. *Barron* v. *Martin*, 19 Ves. 327. *Benbow* v. *Townsend*, 1 Myl. & K. 506. *Cummings* v. *Arnold*, 3 Met. 486. Cases above cited.

Richardson had himself no right to pay the amount due upon the mortgage; and having exercised that right by the permission of the owners of the equity, and by means thereof entered into possession of the estate, his entry and possession are a part performance of the agreement under which he obtained possession, and dispense with written evidence thereof. *Morphett* v. *Jones*, 1 Swanst. 181. *Aylesford's case*, 2 Stra. 783. *Clinan* v. *Cooke*, 1 Sch. & Lef. 41. *Lester* v. *Foxcroft*, Colles, 108, and cited in 2 Vern. 456. 2 Atkinson on Conveyancing, (2d ed.) 577, 578. Batten on Specific Performance, 80, 81.

It is a fraud in Richardson to accept and act upon the title of the mortgagor, and to obtain possession of the estate, and then

refuse to execute the agreement under which he obtained pos-
session. *Whiting* v. *White,* 2 Cox, 300. *Harvey* v. *Tebbutt,*
1 Jac. & Walk. 197. *Hudson Manuf. Co.* v. *Elmendorf,* 1
Stock. 478.

*J. H. Clifford & A. Churchill,* (*E. Ames* with them,) for the
defendants.

SHAW, C. J. This is a bill in equity to redeem land from
a mortgage. To this bill there is a general demurrer and joinder.
Without going minutely into the circumstances of the case, the
court are of opinion that the plaintiff has shown no right to
redeem, and that this suit cannot be maintained.

The bill shows that the persons who held the mortgage, and
from whom the assignment was made to Richardson, now
deceased, several years after the condition broken by the non-
payment both of interest and principal of the debt secured by
it, entered on the premises, for condition broken, in due form of
law, and had continued that possession between two and three
years, when the assignment was made.

The estate therefore became foreclosed, and the redemption
barred, unless something is alleged, showing that the entry to
foreclose was waived, or in some way the right of redemption
opened. But it appears to us that no such thing is shown by
the bill. The averment is, that in 1844 the plaintiff, Lemuel,
with Joel, as assignees, and in discharge of their duties as trus-
tees, applied to Richardson, a friend of the parties, and by
marriage a relation of Joel, to pay and advance to Moses and
David Williams, assignees of the mortgage, the amount due
thereon, for the benefit of said Lemuel and Joel, and to prevent
a foreclosure—by which we understand a foreclosure to said
Moses and David, who are described as strangers; not to pre-
vent a title by foreclosure to Richardson, described as a friend
of the parties and a relation of one of them. The bill then
goes on thus: "And requested the said Richardson that he
would take an assignment to himself, as security for the sum to
be advanced by him, but nevertheless in trust, and upon a con-
fidence that he would hold the same"—that is, the estate, the
mortgage interest until foreclosure, and the absolute title after-

wards—" for the benefit of the said Lemuel and Joel, and would reconvey the same to them upon payment of the sum which the said Richardson might pay for the said assignment, with interest thereon." A subsequent allegation of an arrangement by Joel Capen and Richardson, is substantially to the same effect, adding that said assignees should be permitted to sell the said parcels of land, for house lots or otherwise, paying the proceeds to said Richardson until he should be reimbursed; and that said assignees should be permitted to redeem.

We can perceive nothing in these statements indicating an intention, on the part of Richardson, to waive the entry for foreclosure, or any expectation of the parties that, if not redeemed within the three years, the mortgage would not be foreclosed, and the legal estate become absolute in Richardson. A stipulation to reconvey, when made simultaneously to one from whom the title has been derived by an absolute contemporaneous deed, is held to be a mortgage, and to constitute a redeemable estate. But the rule is limited to the case described, where the covenant to reconvey is given immediately back to the grantor, from whom the title came; which is not the present case. On the contrary, the alleged provision, that the land should be sold in house lots or parcels, the title to which must of course come from Richardson, in whom, after three years, the record title would apparently stand, seems rather to imply that, according to the understanding of the parties, the mortgage was to be foreclosed, and an absolute title vested in Richardson, in order that a valid legal title might be given to the purchasers.

If the plaintiff could have any remedy in equity upon the facts set forth in the bill, it must be upon the ground of trust, and not upon the right to redeem the mortgage. The question then arises, whether the suit could be maintained on the ground of trust; and the court are of opinion that it could not.

1. Because it would be a trust concerning lands, and there was no declaration in writing, and it is therefore void by the Rev. Sts. *c.* 59, § 30, which provide that no trust concerning lands, excepting such as may arise or result by implication of law, shall be created or declared, unless by an instrument in writing,

signed by the party creating or declaring the same, or by his attorney.

2. Nor can it be sustained on the ground of a resulting trust, because, in the present case, Richardson paid the whole consideration for this assignment, from his own money; nor is any fact or circumstance set forth, from which a trust may arise or result by implication of law.  *Demurrer sustained.*